United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED IP ADDRESS 73.223.125.160,<br><br>    Defendant. | Case No.18-cv-05998-VKD<br><br>**ORDER GRANTING DEFENDANT'S UNOPPOSED MOTION TO PROCEED ANONYMOUSLY**<br><br>Re: Dkt. No. 42 |

Plaintiff Strike 3 Holdings, LLC ("Strike 3") sues for alleged infringement of copyrights Strike 3 says it holds for several adult films. At the outset of this litigation, this Court prohibited Strike 3 from publicly disclosing the Doe defendant's identity, absent defendant's consent or leave of court. Dkt. No. 9. After Strike 3 obtained early discovery identifying defendant, the Court provisionally granted Strike 3's motion to seal defendant's name and other personal identifying information. Dkt. No. 16. If defendant wished to proceed anonymously in these proceedings, the Court stated that he would be required file a motion seeking such relief. *Id.*

Defendant has answered the complaint, denying liability (Dkt. No. 29), and now moves to proceed anonymously (Dkt. No. 42). Although Strike 3 does not agree with all of the assertions defendant makes in that motion, Strike 3 does not oppose the requested relief. Dkt. No. 43. The matter is deemed suitable for decision without oral argument, and the July 2, 2019 hearing is vacated. Civ. L.R. 7-1(b).[1]

---

[1] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by a magistrate judge. 28 U.S.C. § 636(c); Fed. R. Civ. P. 73.

Although the use of fictitious names in judicial proceedings is at odds with the public's right of access to judicial proceedings, the Ninth Circuit permits a party to preserve his or her anonymity "special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067-68(9th Cir. 2000). Thus, parties are permitted to use pseudonyms in the unusual case when nondisclosure of the party's identity is necessary to protect that party from harassment, injury, ridicule or personal embarrassment. *Id*. Courts in this district have recognized that "[a]n allegation that an individual illegally downloaded adult motion pictures likely goes to matters of a sensitive and highly personal nature, including one's sexuality." *Strike 3 Holdings LLC v. Doe*, No. 19-cv-01666-LB, 2019 WL 1865928, at *3 (N.D. Cal., Apr. 25, 2019).

Upon consideration of defendant's moving papers, the current state of the record, and the applicable legal standard, the Court finds good cause to permit defendant to proceed anonymously at this time. Defendant's motion is granted as follows:

1. Defendant is permitted to proceed anonymously in this matter and shall be referred to in all court filings as "John Doe."
2. Other than defendant's IP address, Strike 3 shall not disclose defendant's name, address, telephone number, email, social media username, or any other personal identifying information that it may now know or may subsequently learn.
3. All documents containing defendant's name or other personal identifying information shall be filed under seal. The parties are instructed to follow the procedure outlined in Civil Local Rule 79-5 for documents they seek to file under seal. Redacted copies of such documents must also be filed in the public record, redacting only defendant's name and any other personal identifying information in a way that defendant's identity cannot be discerned from the redacted public filings.
4. This order shall remain in effect unless and until the Court orders otherwise, and only after defendant has had a fair opportunity to challenge the disclosure of any identifying

2

information.

**IT IS SO ORDERED.**

Dated: June 17, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge