Steven C. Vondran, [SBN 232337]
**THE LAW OFFICES OF STEVEN C. VONDRAN, PC**
One Sansome Street, Suite 3500
San Francisco, California  94104
Telephone: (877) 276-5084
Facsimile:  (888) 551-2252
steve@vondranlegal.com

Attorney for IP ADDRESS 73.223.125.160

# UNITED STATES DISTRICT COURT

## NORTHERN  DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| STRIKE 3 HOLDINGS, LLC.<br><br>          Plaintiff,<br><br>     vs.<br><br>John Doe subscriber assigned IP address 73.223.125.160<br>          Defendants. | No. 5:18-cv-05998<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT \ COUNTERCLAIM**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant **IP address 73.223.125.160** ("DEFENDANT") submits this Answer to the Second Amended Complaint filed by STRIKE 3 HOLDINGS, LLC.  In response to the Complaint, Defendant answers as follows:

1. Defendant lacks sufficient knowledge and on that basis denies the allegation in Paragraph 1.  Defendant admits this is a copyright infringement case but denies "ongoing infringement"

2. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegation in paragraph 2.

3. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegation in paragraph 3.

4. Defendant denies allegations in paragraph 4

5. Admit

6. Defendant lacks sufficient knowledge to admit or deny and on that basis denies the allegation in paragraph 6.

7. Defendant denies any infringement and lacks knowledge sufficient to admit or deny the balance of the allegation and therefore denies.

8. Defendant denies any infringement and lacks knowledge sufficient to admit or deny the balance of the allegation and therefore denies.

9. Defendant lacks sufficient knowledge and on that basis denies the allegation in paragraph 9.

10. Defendant lacks sufficient knowledge and on that basis denies the allegation in paragraph 10.

11. Defendant lacks sufficient knowledge and on that basis denies this self-touting and irrelevant allegation.

12. Defendant lacks sufficient knowledge and on that basis denies this self-touting and irrelevant allegation.

13. Defendant lacks sufficient knowledge and on that basis denies this self-touting and irrelevant allegation.

14. Defendant lacks sufficient knowledge and on that basis denies this self-touting and irrelevant allegation.

15. Defendant lacks sufficient knowledge and on that basis denies this allegation.

16. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

17. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

18. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

19. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

20. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

21. Deny

22. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

23. Defendant denies infringement and therefore denies this allegation.

24. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.  It is not clearly defined the difference between a "piece" and a "file" and a "hash."

25. Denied.

26. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

27. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

28. Defendant denies infringement.  Also, "*Warnings*" to internet users would prevent infringement.  Plaintiff knows this but is more incentivized to clog the courts seeking to use the Court as a collection arm for its business.  The statement is false.

29. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

30. Defendant lacks sufficient knowledge to admit or deny and on that basis denies

allegation.

31. Defendant denies any infringement and that Plaintiff is entitled to any relief whatsoever. Defendant is entitled to recover its Attorney Fees and damages pursuant to its counterclaim.

32. Defendant denies infringement or theft and lacks sufficient knowledge to admit or deny and on that basis denies allegation.

33. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation. Plaintiff has no idea who any infringer is in any case. Defendant is not the infringer.

34. Defendant is not clear what this allegation pertains to, and therefore denies.

35. "Likely"? That does not meet the Rule 11 standards. This is pure speculation and constitutes a malicious prosecution. There is no evidence upon which to base this claim. Denied.

36. Defendant lacks sufficient knowledge to admit or deny and on that basis denies allegation.

37. Defendant lacks knowledge that "Defendant is more likely the infringer." This is denied. If Plaintiff actually has "the evidence" why does it need "additional evidence." The additional evidence of "interests" is irrelevant, speculative, constitutes character evidence, and is inadmissible.

38. Defendant denies and denies infringement thus denies this allegation. Plaintiff is pointing fingers at anyone and everyone in the hopes of extracting a "shame settlement" and using this court as a collection arm to its "search for gold" activities.

39. Admit

40. Defendant lacks sufficient information to admit or deny and therefore denies.

4

41. Defendant denies.

42. Defendant did not infringe any of Plaintiff's copyrighted works and therefore denies.

43. Defendant denies all allegations including subparts A-D. Defendant did not infringe and is being sued anyway and is sought to be bullied into a "copyright troll " settlement."

44. Defendant denies all allegations including subparts A-F. Defendant did not infringe and is being sued anyway and is sought to be bullied into a "copyright troll " settlement." There is no infringement much less willful infringement. There is however, willful malicious prosecution.

Plaintiff is entitled to no relief requested whatsoever. They are on an unlawful fishing expedition and this has been pointed out to them. Yet, Plaintiff counsel has marching orders to continue on the fools errand and to extract a settlement due to litigation costs. This is grossly unfair and a abuse of the judicial system. Defendant is entitled to their cost, damages and attorney fees.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

1. Defendants allege that each cause of action in the Complaint fails to state a claim upon which relief may be granted against these answering defendants.

## SECOND AFFIRMATIVE DEFENSE
### (Statute of Limitations)

2. The Complaint is barred in whole or in part by applicable statutes of limitation.

## THIRD AFFIRMATIVE DEFENSE
### (Laches)

3. The Complaint is barred in whole or in part by the Doctrine of Laches.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate Damages)

4. Plaintiff failed to mitigate the damages alleged in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

5. Plaintiff's claims are barred by plaintiff's own misconduct and inequitable actions.

## SIXTH AFFIRMATIVE DEFENSE

### (Copyright Misuse)

6. Although the Complaint is groundless and without merit, Plaintiff is barred from recovery herein in that the conduct of Plaintiff and other persons unknown to this answering Defendant, constitute Copyright Misuse.

## SEVENTH AFFIRMATIVE DEFENSE

### (Authorization and Consent)

7. Defendants authorized and consent to infringement of their movies by doing little or nothing to prevent their movies from being circulated online. Thus, Plaintiff is thereby precluded from maintaining this action, or obtaining judgment herein against these defendants.

## EIGHTH AFFIRMATIVE DEFENSE

21. The complaint is barred in whole or in part as it was filed for an improper purpose, to harass, to try to force a "shame settlement" and to cause unnecessary delay and to needlessly increase the costs of litigation; the claims and legal contentions therein are not warranted by existing law; and the allegations and other factual contentions therein do not have any evidentiary support against Defendant. To wit, Plaintiffs can only allege that they are "likely" to prove Defendant liable. Defendants shall seek to recover all fees and costs incurred in responding to this frivolous complaint.

WHEREFORE, defendants pray for judgment as follows:

1. For judgment in favor of defendants and against plaintiff, dismissing plaintiff's Complaint with prejudice;

2. For all costs incurred herein;

3. For attorney's fees;

4. For such further relief as the Court in its discretion deems just, equitable and proper.

## COUNTERCLAIM AGAINST STRIKE 3 HOLDINGS, LLC

Defendant hereby countersues Plaintiff for Declaratory Judgment of Non-Infringement of Copyright. The purpose of this is to aid Defendant in recovering its Attorney Fees, costs and damages when Plaintiff realizes it cannot prove infringement, and is forced to dismiss their case. In that event, Defendant is the prevailing party in this litigation and should be entitled to recover said damages.  Defendant did not infringe and Plaintiff has been made aware of this. Instead of dismissing their complaint they add "additional evidence" which is based on inadmissible character evidence, and which is completely unreliable and irrelevant ("junk science").   Upon a finding of non-infringement, IPP shall be sought to be held liable for defamation.  All Rights are Reserved.

*DEMAND FOR JURY TRIAL*

RESPECTFULLY SUBMITTED

DATED this 8th day of October

**THE LAW OFFICES OF STEVEN VONDRAN, P.C.**

By /S/  Steve Vondran
    Steven C. Vondran, Esq.
    *Attorneys for IP 73.223.125.160*

# **CERTIFICATE OF SERVICE**

**ORIGINAL** of the foregoing *e-filed* this

8th day of October 2019, to all registered ECF users:

Hon. Judge Virginia DeMarchi
280 South 1st Street
San Jose, CA  9513

Law Offices of Lincoln Bandlow, P.C.
1801 Century Park E. Suite 2400
Los Angeles, California 90067
**Attn: Lincoln Dee Bandlow, Esq.**
Email:  lincoln@bandlowlaw.com

Executed on October  8, *2019,* at Phoenix, AZ

By:    */s/     Lisa Vondran*
            Lisa Vondran, Assistant